*UNITED STATES DISTRICT COURT*
*SOUTHERN DISTRICT OF TEXAS*
*HOUSTON DIVISION*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| *Plaintiff* | § | CRIMINAL DOCKET H-09-132 |
| | § | **THE HONORABLE LEE H. ROSENTHAL** |
| VS | § | |
| | § | |
| FRED JOSEPH COOPER | § | |
| *Defendant* | § | |

## AMENDED MOTION TO RECONSIDER RULE 29

*TO THE HONORABLE LEE H. ROSENTHAL:*

### I.     PROCEDURAL HISTORY

1.  Jury trial in this matter commenced on August 30, 2010.  On September 1, 2010 the jury returned a verdict of guilty as to all counts in the superseding indictment.

2.  Sentencing is set for December 16, 2010 at 9:00 a.m.

3.  After the Government closed the Defendant made a series of motions for a judgment of acquittal.  *See* FED R. CRIM. P. 29.  These same objections were again renewed after the Court accepted the verdict of the jury.[1]

4.  The Defendant re-urges all motions previously urged on the record.  *See Id.*

5.  The Defendant files this motion and specifically re-urges and addresses s*ome of the motions* previously urged at trial and again after the jury verdict was accepted by the court.  *See Id* [2].

---

1.  The Federal rule of criminal procedure allows the Defendant to either move or renew a motion for judgment of acquittal within 14 days after a guilty verdict or after the court discharges the jury, whichever is later.  Fed. R. CRIM. P. 29(c) (1).

2.  By not re-urging all of the motions urged at the close of the Governments case and again after the Courts acceptance of the jury verdict, Counsel is by no means waving any rights to address the motions with an appellate court.  Counsel simply wishes to brief certain issues in this motion.

## II.   THE CHARGES ALLEGED BY THE GOVERNMENT

6. The Defendant in this matter was indicted, superseding indictment, and charged in 5 counts. Count one alleged the Defendant possessed with intent to distribute a control substance. Cont one alleged 500 grams or more of cocaine.  Count two alleged the Defendant possesses a firearm, that is, a Tarus .45 caliber pistol, during and relation to a drug trafficking offense. Count three accused the Defendant of possession with intent to distribute 5 grams or more of cocaine base.  Count four accused the Defendant of knowingly possessing a firearm, a Marlin 30-30 rifle during and relation to a drug trafficking crime.  Finally, count five accused the Defendant of possessing a fire arm after being convicted of a felony crime, felon in possession of a firearm.

## III.   RULE 29 RE-URGED

7. In order to convict an individual of a crime of using/carrying a firearm during commission of a drug trafficking crime or crime of violence the government must prove that an accused either "uses or carries a firearm . . . during and in relation to any . . . drug trafficking crime," or "who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c) (1)(A). When the conduct charged is *possession* of a firearm, the appropriate standard of participation is "in furtherance of" a crime. However, if the defendant *uses or carries* a firearm, the participation standard is "during and in relation to" a crime.  In this case before the bar, the indictment erroneously combined the "possession" prong of the statute with the "during and in relation to" prong, thereby failing to list the essential elements of any criminal conduct.  *See generally United States v. Ceballos-Torres*, 218 F.3d 409, 412-15 (5th Cir. 2000); *see also United States v. McGilberry*, 480 F.3d 326, 329 (5th Cir. Miss. 2007).

8. To establish a violation of § 922(g)(1), the  government must prove three elements beyond a

2

reasonable doubt: (1) that the defendant previously had been convicted of a felony; (2) that he possessed a firearm; and (3) that the firearm traveled in or affected interstate commerce." *United States v. Guidry*, 406 F.3d 314, 318 (5th Cir. 2005).

9.  Therefore in order to convict an individual of either 18 U.S.C. § 924 (c) or 18 U.S.C. § 922 (g), the government must prove that a fire arm as defined under 18 U.S.C. § 921 was involved. *United States v. Ruiz*, 986 F.2d 905, 910 (5th Cir. 1993). 18 U.S.C. § 921(a) (3) defines firearm for purposes of Section 924(c) (1) and Section 922(g) (1) as: "any weapon . . . which . . . is designed to . . . to expel a projectile by the action of an explosive." *See* 18 U.S.C. § 921(a)(3); *Ruiz*, 986 F.2d at 910. The government did not establish the required elements set forth for either crime.

10. Conviction under 18 U.S.C. § 924(c) requires proof that the defendant used a real firearm when committing the predicate offense. *See United States v. Taylor*, 54 F.3d 967, 975 (1st Cir. 1995) (noting that "a toy or replica will not do"). "Although § 924(c) requires proof that the gun is real, the government's proof need not 'reach a level of scientific certainty.'" *United States v. Roberson*, 459 F.3d 39, 47 (1st Cir. 2006) (quoting *Taylor*, 54 F.3d at 976).

11. For example in *Ruiz* the Defendant argued that because the weapon was altered and could not fire it was not a weapon for the purposes of 924 (c). *Ruiz*, 986 F.2d at 910. The Court reasoned that the evidence showed that filing down of the gun's hammer did not change the fact that the gun was designed to expel a projectile, but rather it merely temporarily altered the gun's capability to accomplish the purpose for which it was designed. Ruiz used a weapon that was designed to expel a projectile and the substance of that design had not been changed to effect another purpose. Except for the filed-down firing pin, the revolver was functional in every other respect. *Moreover, the court argued that Alcohol, Tobacco, and*

3

*Firearm's Agent Robert Champion, a government witness, testified that the gun was a weapon that was designed to expel a projectile and that it could be converted to be made operable.* *Ruiz*, 986 F.2d at 910.  (emphasis added).

12. The *Ruiz* court then discussed a case from the eight circuit.  *Id.*  The Court argued that in *United States v. York*, 830 F.2d 885 (8th Cir. 1987), *cert denied*, 484 U.S. 1074 (1988), the defendant claimed that there was insufficient evidence to support his conviction under Section 924(c)(1), because the gun in that case was inoperable--it had no firing pin, and the cylinder did not line up properly with the gun barrel. The court affirmed the conviction, holding that Section 921(a)(3) did not require a gun to be operable so long as it was designed to expel a projectile. *Id.* Ignoring for a moment the appellant standard used in *Ruiz*, the Defendant would submit that the case before the Court is completely devoid of any evidence what so ever that the objects in question were in fact guns not toys or BB guns.  The ATF agent who testified only testified that the objects in question had certain markings, that is, there names which lead him to believe that the objects before him traveled in interstate commerce.  There was no evidence that these items were weapons  . . . which . . . were designed to . . . to expel a projectile by the action of an explosive."   *See* 18 U.S.C. § 921(a)(3); *United States v. Taylor*, 54 F.3d 967, 975 (1st Cir. 1995).  It is of note that when confronted with the motion the Government conceded as such and requested that the Court allow evidence to be reopened regarding this matter.  Nor is this a type of case where the defendant actually used the weapon so that a rational trier of fact could say that the weapon was used in a robbery and pointed at an individual who could come to testify to the fact that it was a gun.  For example:  *in United States v. Kirvan* the court found it sufficient to justify a conviction that two witnesses identified the object as a gun, and that it made a loud noise

4

when dropped (consistent with it being very heavy).  *See United States v. Kirvan*, 997 F.2d

963 (1ˢᵗ Cir. 1993).

## PRAYER

Wherefore the Defendant files this motion to renew motions made at close of Governments

case and again after the jury's verdict and prays that this Court grant his motion regarding counts

II, IV and V.

<div style="margin-left: 50%;">

Respectfully submitted,
Scardino & Fazel

/S/ Ali R. Fazel
Ali R. Fazel
State Bar of Texas:  24012611
Sweeney, Coombs & Fredericks Bldg.
1004 Congress, 3ʳᵈ Floor
Houston, Texas 77002
    Phone: (713) 229-9292
    Fax:    (713) 229-9931
Attorney for Defendant,
**FRED JOSEPH COOPER**

</div>

5

## <u>CERTIFICATE OF SERVICE</u>

Ali R. Fazel certifies that a true and correct copy of this document has been served on the

following parties via electronic filing on September 14, 2010:

> Michael Brody Kusin
> Assistant United States Attorney
> United States Attorney's Office
> P. O. Box 61129
> Houston, Texas 77208
> > Phone: 713-567-9389
> > Fax:    713-718-3300
> > Email: michael.kusin@usdoj.gov



> /S/ Ali R. Fazel_____
> Ali R. Fazel


## <u>CERTIFICATE OF CONFERENCE</u>

The foregoing motion was discussed with the Assistant United States Attorney. The

government's position is as follows:


**/X/    OPPOSE**
> Does not oppose
> Could not be reached

Dated:  September 14, 2010

> /S/ Ali R. Fazel_____
> Ali R. Fazel

6

*UNITED STATES V. COOPER*
*MOTION FOR RULE 29*
*S&F*

*UNITED STATES DISTRICT COURT*
*SOUTHERN DISTRICT OF TEXAS*
*HOUSTON DIVISION*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| *Plaintiff* | § | CRIMINAL DOCKET H-09-132 |
| | § | THE HONORABLE LEE H. ROSENTHAL |
| VS | § | |
| | § | |
| FRED JOSEPH COOPER | § | |
| *Defendant* | § | |

## ORDER

On this day came on to be heard the Defendant's Motion to reconsider Rule 29 and said Motion is:

Granted          _____

Set for an evidentiary hearing / oral arguments on the _____ day of _____ 2010 at ___:_____ ___.M.

Denied          _____

SIGNED this_____day of _____ 2010.

_____
LEE H. ROSENTHAL
UNITED STATES DISTRICT JUDGE