IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § § § § |
| VS. | §   CRIMINAL  NO. H-09-132 § § § |
| FRED JOSEPH COOPER | § |

## MEMORANDUM AND ORDER

After a three-day trial, a jury convicted the defendant, Fred Joseph Cooper, of two counts of possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii)-(iii); two counts of possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Cooper has filed a motion for judgment of acquittal under Federal Rule of Criminal Procedure 29(c).[1] (Docket Entry No. 93). Cooper argues that the indictment failed to include an essential element of the two § 924(c)(1)(A) offenses charged. He also argues that the government failed to introduce sufficient evidence at trial from which the jury could conclude that the defendant used a firearm as defined in 18 U.S.C. § 921(a)(3) to commit the three firearm-related offenses.[2]

---

[1] Cooper filed two Rule 29(c) motions: an original motion, (Docket Entry No. 92), and an amended motion, (Docket Entry No. 93). The original motion is denied as moot.

[2] Cooper's motion "re-urges all motions urged on the record," but "specifically re-urges and addresses" only the two arguments summarized above. (Docket Entry No. 93, at 1). The court denies all motions urged on the record but not specifically re-urged in Cooper's Rule 29(c) motion for the reasons stated on the record when the motions were first urged.

The court heard oral argument on the defendant's motion. Based on the motion and response, the evidence presented at trial, the arguments of counsel, and the relevant law, the court denies Cooper's motion. The reasons are explained below.

## I.     The Legal Standard Under Rule 29(c)

Rule 29(c) states that "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." FED. R. CRIM. P. 29(c)(1). "A motion for judgment of acquittal challenges the sufficiency of the evidence [required] to convict." *United States v. Lucio*, 428 F.3d 519, 522 (5th Cir. 2005). "When the defendant challenges the sufficiency of the evidence, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Uvalle-Patricio*, 478 F.3d 699, 701 (5th Cir. 2007) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

## II.    Analysis

### A.    The Sufficiency of the Indictment

Rule 7(c) states, in relevant part, that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." FED. R. CRIM. P. 7(c)(1). "The test for sufficiency is not whether the indictment could have been better drafted, but whether it conforms to minimal constitutional standards." *United States v. Gonzales*, 436 F.3d 560, 569 (5th Cir. 2006). Minimal constitutional standards are met if the indictment alleges "every element of the crime charged . . . in such a way 'as to enable the accused to prepare his defense and to allow the accused to invoke the double

jeopardy clause in any subsequent proceeding.'" *United States v. Bieganowski*, 313 F.3d 264, 285 (5th Cir. 2002). When determining the sufficiency of an indictment, the court must examine "its specific language, taking account of the indictment as a whole in the context of its statutory background." *Gonzalez*, 436 F.3d at 569. "Practical, not technical, considerations govern [the court's] inquiry." *United States v. Fitzgerald*, 89 F.3d 218, 221 (5th Cir. 1996); *see also United States v. Awad*, 551 F.3d 930, 936 (9th Cir. 2009) ("An indictment must be read in its entirety and construed with 'common sense and practicality.'" (citation omitted)); *Parsons v. United States*, 189 F.2d 252, 253 (5th Cir. 1951) (stating that courts must examine indictments "from the broad and enlightened standpoint of common sense and right reason rather than from the narrow standpoint of petty preciosity, pettifogging, technicality or hair splitting fault finding").

Cooper challenges the sufficiency of Counts II and IV. These counts charged Copper with "knowingly possess[ing] a firearm . . . during and in relation to a drug trafficking crime" in violation of 18 U.S.C. § 924(c)(1)(A). (Docket Entry No. 53, at 1, 2). Section 924(c)(1)(A) states, in relevant part, that "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall [be sentenced to an additional term of years]." 18 U.S.C. § 924(c)(1)(A). Relying on *United States v. McGilberry*, 480 F.3d 326 (5th Cir. 2007), Cooper argues that possession "in furtherance of" a drug trafficking crime is an essential element of a § 924(c)(1)(A) conviction. Cooper contends that the indictment omitted this element by erroneously charging him with possessing a firearm "during and in relation to" a drug trafficking crime. Cooper's argument ignores the caption for Counts II and IV, which described the offense charged as "Possessing a Firearm in Furtherance of a Drug Trafficking Crime." (Docket Entry No. 53, at 1, 2).

In *McGilberry*, the Fifth Circuit held that an indictment charging the defendant with knowingly possessing a firearm during and in relation to a drug-trafficking crime was deficient because it failed to allege that the defendant's possession had to be "in furtherance of" the crime, which is an essential element of a § 924(c)(1)(A) conviction. 480 F.3d at 328–30. The court explained that § 924(c)(1)(A) targets two different types of conduct: using or carrying a firearm "during and in relation to" a drug trafficking crime and possessing a firearm "in furtherance of" such crime. *United States v. McGilberry*, 480 F.3d 326, 329 & n.1 (5th Cir. 2007). "When the conduct charged is *possession* of a firearm, the appropriate standard of participation is 'in furtherance of' a crime. However, if the defendant *uses or carries* a firearm, the participation standard is 'during and in relation to' a crime." *Id.* When an indictment "erroneously combine[s] the 'possession' prong of the statute with the 'during and in relation to' prong," the indictment "fail[s] to list the essential elements of any criminal conduct."[3] *McGilberry*, 480 F.3d at 329.

*McGilberry* does not control the result in this case because the indictment "referenc[ed] *only* 'possession during and in relation to' a drug trafficking crime." *Id.* at 330 (alterations omitted) (emphasis added). By contrast, the indictment against Cooper listed the "in furtherance of" element of a § 924(c)(1)(A) possession conviction in the caption of Counts II and IV. "While the counts of an indictment must stand independently for the purpose of being judged as to sufficiency, they need

---

[3] Specifying that possession must be "in furtherance of" a drug trafficking crime is important because "[t]here are situations where a possession would be 'during and in relation to' drug trafficking without 'furthering or advancing' that activity." *United States v. Ceballos-Torres*, 218 F.3d 409, 413 (5th Cir. 2000). For example, "a drug buyer might steal a gun from his dealer's house during a deal. The buyer's possession would be during and in relation to drug trafficking, but the buyer's possession would not advance that operation." *Id.* An indictment referencing only possession during and in relation to drug trafficking "would allow for a conviction where the firearm . . . does not advance or further the drug crime." *McGilberry*, 480 F.3d at 330.

not be read apart from the caption and heading of the indictment . . . ." *United States v. Arteaga-Limones*, 529 F.2d 1183, 1188 (5th Cir. 1979).

In *United States v. Fitzgerald*, 89 F.3d 218 (5th Cir. 1996), the indictment charged the defendant with intentionally and knowingly possessing cocaine base in violation of 21 U.S.C. § 844(a). 89 F.3d at 221. Under § 844(a), possession of a controlled substance "is a misdemeanor unless the controlled substance is cocaine base and over five grams is possessed, in which case the offense is a felony." *Id.* On appeal, Fitzgerald argued "that he was convicted and sentenced for the felony offense, possession of over five grams of cocaine base, but was not indicted for that offense because the indictment [did] not specify the quantity of cocaine base," which is an essential element of felony possession. *Id.* at 221–22. The court agreed that the quantity of cocaine base is an essential element of felony possession under § 844(a), but rejected the defendant's argument because the caption of the indictment described the offense as "[p]ossession of over 5 grams cocaine base." *Id.* at 221. The court held that "a caption can cure a defect in the body of the indictment" and that the caption of Fitzgerald's indictment sufficiently charged the quantity of cocaine base. *Id.* at 222. Under *Fitzgerald*, Cooper's indictment was not deficient; the caption of Counts II and IV described the offense charged as possession of a firearm "in furtherance of" a drug trafficking crime. Read as a whole, Cooper's indictment served its "most basic purpose": it "fairly inform[ed] [the] defendant of the charge against him." *Id.* Cooper's motion for a judgment of acquittal based on the sufficiency of the indictment is denied.

### B. The Sufficiency of the Evidence

Cooper challenges the sufficiency of the evidence used to convict him of the three firearm-related offenses (two counts of possessing a firearm in furtherance of a drug trafficking crime in

violation of 18 U.S.C. § 924(c)(1)(A) and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1)). Cooper argues that the government introduced no evidence from which a rational jury could conclude that the guns recovered at his residence—the Marlin 30-30 rifle, the Taurus .45 caliber pistol, and the RG .22 caliber revolver—were "real firearm[s]." (Docket Entry No. 93, at 3). To establish a violation of 18 U.S.C. §§ 924(c) and 922(g), the government must prove that a firearm as defined in 18 U.S.C. § 921(a)(3) was involved in the commission of the offenses. *See United States v. Ruiz*, 986 F.2d 905, 910 (5th Cir. 1993). A firearm is "any weapon . . . designed . . . to expel a projectile by the action of an explosive [or] the frame or receiver of any such weapon." 18 U.S.C. § 921(a)(3). The statutory definition does not require a gun to be operable so long as it was designed to expel a projectile. *Ruiz*, 986 F.2d at 910.

Viewing the evidence in the light most favorable to the prosecution, there was ample evidence from which the jury could conclude that Cooper possessed firearms as defined by 18 U.S.C. § 921(a)(3). The jury saw the three weapons recovered from the defendant's residence when the government introduced the weapons into evidence. A rational jury could conclude that the firearms they saw were either weapons designed to expel a projectile or the frames for such weapons. *See United States v. Galaviz*, 1995 WL 534960, at *3–4 (5th Cir. Aug. 2, 1995) (unpublished) (finding sufficient evidence that the defendant used a firearm as defined by 18 U.S.C. § 921(a)(3) where the government produced the firearm at trial). Even if the government had not introduced the weapons into evidence, the evidence would still be sufficient to support Cooper's conviction. "The fact that the gun was not produced at trial or that the witnesses did not have an opportunity to examine closely the weapon does not prevent conviction of a firearm offense." *United States v. Buggs*, 904 F.2d 1070, 1076 (8th Cir. 1990); *see also U.S. v. Williams*, 979 F.2d

186, 186 (11th Cir. 1992) ("The failure to produce the actual gun at trial is not fatal to the charge of carrying a firearm when a trained law enforcement officer testifies that he saw and recognized a firearm."). The jury heard testimony from various police officers that they recovered ammunition and three weapons from the defendant's residence—a rifle, a pistol, and a revolver—and that the weapons were loaded. Any rational jury could conclude from this testimony that the three firearms met the statutory definition. *See United States v. Parker*, 801 F.2d 1382, 1383–85 (D.C. Cir. 1986) (holding that there was sufficient evidence that the defendant had used or carried a "firearm" where the government did not produce the weapon, but two bank tellers testified that defendant had carried a gun); *United States v. Rouco*, 765 F.2d 983, 996 (11th Cir.1985) (holding that the government proved that the defendant used a firearm where an agent testified that he saw the defendant remove a .38 caliber pistol from his waistband).

**III.    Conclusion**

The defendant's Rule 29(c) motion is denied.

SIGNED on September 30, 2011, at Houston, Texas.

*(signature)*
Lee H. Rosenthal
United States District Judge